# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INDIA TUBBS, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) |
| Chicago Transit Authority | ) |
| | ) **JURY DEMANDED** |
| Defendant. | ) |

## JURISDICTION AND VENUE

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., as amended.

2. Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3. Plaintiff India Tubbs complied with the procedural requirements of Title VII. She filed a charge for discrimination with the EEOC, received right-to-sue letters from the EEOC, and brought this lawsuit within the applicable time period.

## PARTIES

4. At all times herein mentioned, Plaintiff India Tubbs ("Tubbs") was employed by the Chicago Transit Authority.

5. At all times herein mentioned, Defendant Chicago Transit Authority ("CTA"), was within the jurisdiction of this Court with its principal office in Chicago, Illinois. CTA is an employer subject to suit under Title VII in that it is in an industry affecting commerce and had 15 or more employees in each of 20 or more weeks in the current or preceding calendar year.

## FACTUAL ALLEGATIONS

6. Tubbs was at all relevant times employed by CTA in Chicago, Illinois.

7. On or about November 13, 2019, Tubbs was on duty working as a Bus Operator for the CTA.

8. On that date while on duty with the CTA Tubbs was subjected to sexual comments by a male co-worker who was also on duty working for the CTA.

9. During this incident the male co-worker also used his hand to grab Tubbs in an intimate part of her body.

10. Tubbs has never had any personal relationship with the male co-worker. His verbal comments and physical contact with Tubbs were uninvited and unwelcome.

11. After the incident with her male co-worker Tubbs complained about it to her managers/supervisors in writing on November 13, 2019.

12. The managers/supervisors that received Tubbs' complaint did not take it seriously.

13. Tubbs' managers/supervisors obtained a video recording of the incident and reviewed it themselves.

14. However, rather than launching an investigation or even notifying CTA's Equal Employment Opportunity Unit the managers/supervisors did nothing. In fact, after viewing video of the incident at least one of her managers/supervisors minimized the severity of the incident and joked about the recording of Tubb's reaction to being grabbed by her male co-worker. The managers/supervisors did not provide any written response to Plaintiff's complaint.

15. The managers/supervisors made no effort to discipline Tubbs' male co-worker, or even to ensure that Tubbs could continue to work at CTA without having to encounter the male

co-worker. In fact, after making her written complaint Tubbs saw the male co-worker in the workplace.

16. As a result of both the sexual harassment and the dismissive response of managers/supervisors Tubbs experienced substantial emotional distress.

17. The emotional distress experienced by Tubbs caused her to miss several days of work after being evaluated by a mental health professional.

18. The sexual harassment by Tubbs' co-worker, and the lack of any reasonable response by managers/supervisors to Tubbs' prompt complaint, created a sexually hostile work environment.

19. Tubbs filed a Charge of Discrimination regarding the above-alleged matters with the Equal Employment Opportunity Commission on or about December 5, 2019.

20. As a result of the aforesaid acts and omissions of the Defendants, Plaintiff has lost income in an amount to proven at the time of trial. Additionally, as a result of these acts and omissions Plaintiff sustained emotional distress. Plaintiff claims such damages together with prejudgment interest as permitted by law.

21. The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive, and in callous disregard and indifference to Plaintiff. Thus, Plaintiff requests the assessment of punitive damages and/or liquidated damages against the Defendant in a sum to be determined according to law and proof.

## COUNT I

### PLAINTIFF AGAINST DEFENDANTS FOR DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF TITLE VII

22. Plaintiff realleges and incorporates paragraphs one (1) through twenty-one (21) as though fully set forth at this place.

23. During her employment for Defendant Plaintiff was sexually harassed by a co-worker.

24. Plaintiff and made a prompt complaint about that harassment to her supervisors/managers.

25. Plaintiff's supervisors/managers did not reasonably respond to Plaintiff's complaint of sexual harassment or attempt to address it in any meaningful way. When supervisors/managers obtained a video recording of the incident they minimized the complaint, joked about it, did not conduct an investigation, and failed to forward Plaintiff's complaint to Defendant's Equal Employment Opportunity Unit. Thus, supervisors/managers failed to address a sexually hostile work environment and allowed it to continue.

26. The sexual harassment by her male co-worker combined with the acts and omissions of supervisors/managers created a sexually hostile work environment.

27. The conduct of the male co-worker and supervisors/managers was intentional.

28. Defendants discriminated against Plaintiff in the terms and conditions of employment in that it caused her to lose income and subjected her to a hostile work environment.

29. Defendants' actions, as described above, are in violation of Title VII, in that Defendants acted to discriminate against Plaintiff in the terms and conditions of her employment because of her gender.

WHEREFORE, Plaintiff, by and through her attorneys, Ed Fox & Associates, Ltd., requests the following relief:

    A.    That Plaintiff be granted general and compensatory damages in an amount to be determined at trial;

    B.    That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial;

    C.    That the Court award Plaintiff reasonably incurred attorneys' fees, costs, litigation expenses, and pre-judgment interest; and

    D.    That the Court grant such other and further relief as the Court may deem just or equitable.

BY:    s/ Garrett Browne
          Attorney for Plaintiff
          ED FOX & ASSOCIATES, Ltd.
          300 West Adams, Suite 330
          Chicago, Illinois 60606
          (312) 345-8877
          gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:    s/Garrett Browne
          Attorney for Plaintiff
          ED FOX & ASSOCIATES. Ltd.
          300 West Adams
          Suite 330
          Chicago, Illinois 60606
          (312) 345-8877
          gbrowne@efoxlaw.com